IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

* * * * * * * * * ** * * * * ** * * ** * * * * * * *

THE UNITED STATES OF AMERICA

    vs.                                          CASE NO. 3:00CR00048 - 026 (JAF)

EDWIN PIZARRO-RODRIGUEZ

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION NOTIFYING VIOLATIONS TO THE HOME CONFINEMENT PROGRAM AND SUPERVISED RELEASE CONDITIONS AND REQUEST FOR THE ISSUANCE OF AN ARREST WARRANT**

**TO THE HONORABLE JOSE A. FUSTE, CHIEF**
**U.S. DISTRICT JUDGE**
**DISTRICT OF PUERTO RICO**

       **COMES NOW, MIGUEL A. ARROYO-DOMENECH, U.S. PROBATION OFFICER** of this Honorable Court presenting an official report upon the conduct and attitude of releasee, Edwin Pizarro-Rodríguez, who on April 5, 2001, was sentenced to fifty-one (51) months of imprisonment to be followed by three (3) years on supervised release for a violation to **Title 21, <u>United States Code,</u> Section 846** - Conspiracy to distribute cocaine. A special monetary assessment in the amount of $100 was imposed. As special supervision conditions, he was mandated to submit to urinalysis and to participate of substance abuse treatment. On July 22, 2004, he was released from the Metropolitan Detention Center in Guaynabo, Puerto Rico at which time his supervised

release term commenced.

On June 8, 2005, Drug Treatment Specialist, Miriam Figueroa, filed a Motion for Some Disposition in which she notified the Court that Pizarro-Rodriguez had violated his supervision conditions by using illegal substances. As a sanction, she recommended that releasee be placed in home detention for a term of three (3) months. Hence, on June 21, 2005, this officer installed the Home Cell Unit and electronic bracelet. Prior to this intervention, releasee had been referred to Hogar San Jose inpatient drug treatment program for detoxification services and counseling as a result of his drug use.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AS FOLLOWS:**

**1. STANDARD SUPERVISION CONDITION NO. 5 - "THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION, UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS".**

On July 12, 2005, this officer of the Court referred Mr. Pizarro-Rodríguez to our contract company for job searching services, One Stop Counseling Center. The initial meeting was arranged for July 13, 2005, and this officer was going to provide him transportation services. Nonetheless, releasee failed to show up. As of the filing of this motion, he remains unemployed.

**2. STANDARD SUPERVISION CONDITION NO. 7 - "THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE OR ADMINISTER ANY NARCOTIC OR OTHER CONTROLLED SUBSTANCE**

**OR PARAPHERNALIA RELATED TO SUCH SUBSTANCE, EXCEPT AS PRESCRIBED BY A PHYSICIAN".**

On June 21, 2005, Mr. Pizarro-Rodriguez submitted a urine sample at the U.S. Probation Office for the District of Puerto Rico which tested positive to cocaine. He readily admitted same.

On July 8, 2005, releasee failed to report to our office to submit a random urine sample as instructed on July 7, 2005, by our pre-recorded random urine collection system.

On July 12, 2005, during a visit to his home at Nemesio Canales Housing Project, Mr. Pizarro-Rodríguez admitted to this officer that he had a drug relapse and used cocaine. Later, he came to our office and admitted to urine technician, Fernando Morales, that he was using heroin and cocaine.

**3. STANDARD SUPERVISION CONDITION NO. 8 - "THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED SUBSTANCES ARE ILLEGALLY SOL, USED, DISTRIBUTED, OR ADMINISTERED".**

On July 12, 2005, during a urine collection, urine technician, Mr. Fernando Morales, asked release that if he was unemployed, how he could afford to buy illegal substances. According to Mr. Morales, Pizarro-Rodríguez told him "that his drug trafficking friends in the housing project gave him the drugs for free".

**4. DRUG TREATMENT SPECIAL SUPERVISION CONDITION - "IF ANY SUCH (URINE) SAMPLE DETECT SUBSTANCE ABUSE, THAT THE DEFENDANT PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM ARRANGED**

3

**AND APPROVED BY THE U.S. PROBATION OFFICE UNTIL DULY DISCHARGED BY AUTHORIZED PROGRAM PERSONNEL WITH THE APPROVAL OF THE U.S. PROBATION OFFICER".**

On July 15, 2005, releasee's drug counselor, Jorge Nogales, notified our office that releasee, who is on our Buprenorfine Program, failed to report to his counseling session.

**5. HOME CONFINEMENT SPECIAL SUPERVISION CONDITION - "THE DEFENDANT SHALL BE PLACED ON HOME DETENTION AND COMPLY WITH THE CONDITIONS OF THE HOME CONFINEMENT PROGRAM FOR A PERIOD OF 3 MONTHS. DURING THIS PERIOD OF TIME, THE DEFENDANT SHALL REMAIN AT HIS PLACE OF RESIDENCE AT ALL TIMES EXCEPT AS PROVIDED BY THE HOME DETENTION POLICIES ESTABLISHED BY THE PROBATION OFFICE OF THE COURT. THE DEFENDANT SHALL MAINTAIN A TELEPHONE AT HIS PLACE OF RESIDENCE WITHOUT "CALL FORWARDING", A MODEM, "CALLER ID", "CALL WAITING" OR PORTABLE CORDLESS TELEPHONES FOR THE ABOVE PERIOD, AND WEAR AN ELECTRONIC MONITORING DEVICE FOLLOWING THE ELECTRONIC MONITORING PROCEDURES SPECIFIED BY THE PROBATION OFFICER. IN ADDITION, THE DEFENDANT SHALL ALLOW THE PROBATION OFFICER IMMEDIATE ACCESS TO HIS HOUSE FOR SUPERVISION PROCEDURES, AND WILL NOT EARN LEAVE ACCORDING TO THE HOME CONFINEMENT PROGRAM POLICIES".**

On June 21, 2005, this officer installed the Home Cell Unit at Mr. Pizarro-Rodríguez's consensual partner's residence and the electronic bracelet.

On July 7, 2005, releasee broke the strap of his electronic bracelet.

Since July 8, 2005 to the present, releasee has violated the policies of the home confinement program by violating his authorized leave schedule on a daily basis in the evening hours.

On July 15, 2005, releasee violated his authorized leave schedule by leaving his residence at 5:10 A.M. According to releasee, he was taking his wife to the bus station.

*Wherefore,* I declare under penalty of perjury that the foregoing is true and

4

correct. In light of the above and given to the fact that Mr. Pizarro-Rodríguez is unemployed and using altering mood illegal substances, becoming thus a risk for himself , his family and neighbors; it is respectfully recommended to the Court that a warrant for releasee be issued so that he may appear before this court to show cause why his supervised release term in the above-entitled case should not be revoked. Thereupon, that he be dealt with pursuant to law.

In San Juan, Puerto Rico, this 18th day of July 2005.

Respectfully submitted,

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER


**s/Miguel A. Arroyo-Domenech**
Miguel A. Arroyo-Domenech
U.S. Probation Officer
Federal Office Building, Office 400
San Juan, PR 00918
787-766-6356
787-766-5945
Miguel_Arroyo@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, July 18, 2005, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rose M. Vega, Assistant U.S. Attorney, and Joseph C. Laws, Federal Public Defender.

At San Juan, Puerto Rico, July 18, 2005.

    **s/Miguel A. Arroyo-Domenech**
Miguel A. Arroyo-Domenech
U.S. Probation Officer
Federal Office Building, Office 400
San Juan, PR 00918
787-766-6356
787-766-5945
Miguel_Arroyo@prp.uscourts.gov